## Roy Girouard v. Cornelius Hogan, Commissioner, Department of Corrections

[378 A.2d 105]

No. 345-76

Present: **Barney, C.J., Daley, Larrow, and Billings, JJ., and Smith, J. (Ret.), Specially Assigned**

Opinion Filed September 16, 1977

*James L. Morse*, Defender General, and *Charles S. Martin*, Appellate Defender, Montpelier, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Peter B. Brittin* and *Robert L. Orleck*, Assistant Attorneys General, Montpelier, for Defendant.

**Barney, C.J.**   This is an appeal based on the granting of a motion to dismiss alleging a failure to state a cause of action entitling the plaintiff to the relief sought. He had brought a declaratory judgment, coupled with a request for injunctive relief, seeking to reverse a projected transfer of him as a prisoner from the Vermont correctional system to an out-of-state federal facility.

The plaintiff, Roy Girouard, is presently serving a life sentence after conviction of first-degree murder. He has had

numerous terms of confinement in Vermont, and was several times convicted of escape. The Commissioner of the Department of Corrections, in an affidavit for this case, stated that he considered the plaintiff a maximum security risk.

The projected transfer came about because the State elected to close its maximum security institution at Windsor. 28 V.S.A. § 706(a) authorizes the Commissioner of the Department of Corrections to contract with the United States for transfer of inmates from State facilities to federal institutions. Such a transfer can be authorized on any of three considerations: (1) the inmate needs particular treatment or special facilities available at the federal correctional facility; (2) all in-state security and custody alternatives for the inmate have been considered and found unsuitable; or, (3) the inmate voluntarily requests transfer. In this case the order of transfer was based on the unsuitability of in-state treatment and rehabilitative programs and the unsuitability of security in in-state treatment and rehabilitative programs and the unsuitability of security in in-state facilities. The plaintiff has never requested transfer out of Vermont.

The complaint filed by the plaintiff asserted that the proposed transfer out of the State of Vermont would violate his right of residence guaranteed to him, as he claims, by the Vermont Constitution. As further grounds, and the only grounds advanced in his brief before this Court, he claims such transfer also constitutes the punishment of exile, banishment or transportation (in the English sense of "beyond the seas"). These are penalties to be imposed judicially under appropriate legislative authority, says the plaintiff, and here they are being illegally imposed by the Executive Branch.

The defendant challenged these attacks on the proposed transfer by answer and by motions to dismiss and for summary judgment. The plaintiff also moved for summary judgment. At the hearing on the motions, no evidence was taken and the ruling of dismissal already noted made in favor of the defendant was based on the pleadings and affidavits then in the record.

The plaintiff's analogizing of the transfer to federal prison with exile, banishment and transportation outruns the realities. The essential ingredient of those dispositions is lacking. The plaintiff is not forbidden the State of Vermont. The dramatic comparison of a transfer from prison in Windsor to prison in New York City to exile fails because the transfer is not for the purpose of depriving the plaintiff of his right to freely inhabit

the State of Vermont. His freedom to do so is forfeit by his sentence of incarceration, wherever served, and would be restored in consequence of any release from confinement. The fact that the confinement may take place outside of the State of Vermont is merely a fortuitous consequence of a properly invoked administrative decision and not a designed denial of the State of Vermont to him imposed as a penalty. That such a transfer violates no federal constitutional guarantee was decided in *Battick* v. *Stoneman*, 421 F.Supp. 213 (D.Vt. 1976), where its propriety as an administrative act was upheld.

There is no claim here of a defect in conduct of the proceedings called for under 28 V.S.A. § 706(a). The challenge is to the law itself. Since the claim that it is improper punishment under Vermont law has no foundation, the dismissal was correct.

*Judgment affirmed.*